USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/08/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                :
FRANCES RAYNER,              :
                :
              Plaintiff,  :        1:25-cv-803-GHW
                :
                :         <u>ORDER</u>
       -v -              :
                :
PFIZER, INC., *et al.*,        :
                :
              Defendants.  :
                :
--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    Plaintiff's complaint was filed on January 27, 2025. Dkt. No. 1. On March 5, 2025, this case was reassigned to the undersigned. On March 6, 2025, the Court issued an order of service, which directed Plaintiff "to serve the summons and complaint on each Defendant within 90 days of the issuance of the summons." Dkt. No. 6. The Court stated: "If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute." *Id.* A summons was issued on March 7, 2025. Dkt. No. 7. The ninety-day window for service therefore closed on June 5, 2025. On June 12, 2025, Plaintiff was ordered to show cause by June 19, 2025 as to why this action should not be dismissed for failure to serve process in the time allotted. Dkt. No. 9.

    Federal Rule of Civil Procedure Rule 4(m) provides in pertinent part:

    "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). As the Court noted in its March 6, 2025 order of service, although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, the summons in this case was not issued when Plaintiff filed the complaint because he had not paid the filing fee. The Court therefore extended the time to serve until 90 days after the date the summons was issued.

As of the date of this order, there is no indication on the docket that Defendants have been served and Plaintiff has not responded to the Court's order to show cause. Accordingly, because Defendants were not served in this action within the permitted window—and because Plaintiff did not show good cause for the failure to serve and is, therefore, not entitled to an extension of time to effectuate service—this action is dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: July 8, 2025  
New York, New York

GREGORY H. WOODS  
United States District Judge

2